UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

Linda Shollenbarger, et. al.,
    Plaintiffs

vs                                      Case No. 1:03-cv-112-TSH
                                          (Hogan, M. J.)

Planes Moving & Storage,
    Defendant

---

## ORDER

This matter is before the Court on defendant's motion in limine as to plaintiff's theory of disparate impact (Doc. 73)[1], and plaintiffs' memorandum in opposition (Doc. 77). Defendant did not file a reply memorandum. The parties have consented to the entry of final judgment by the undersigned United States Magistrate Judge, (Doc. 65), and this case is scheduled for trail commencing October 31, 2005.

Plaintiffs, four former employees of defendant Planes Moving & Storage, initiated this action with the filing of a complaint on February 14, 2003. (Doc. 1). Plaintiffs allege that they were subject to sex discrimination in violation of Title VII and the Ohio employment discrimination statute, when they were selected for lay-off, allegedly pursuant to a reduction in force (RIF), and denied the opportunity to transfer

---

[1] On October 11, 2005, defendant filed two motions in limine in this case using the Court's Case Management/Electronic Case Filing system known as CM/ECF. Defendant's filing resulted in a minor docketing error. Document 72 is listed on the Court's electronic docket as "Motion in Limine as to Theory of Disparate Impact" and Document 73 is listed as "Motion in Limine regarding Plaintiffs' proposed Exhibits". However, a review of the actual documents reveals that the docket numbers for these motion have been transposed. Document 73 is actually the defendant's Motion in Limine as to Theory of Disparate Impact.

into other departments or other positions for which they were qualified in order to avoid being subject to the RIF.  Two plaintiffs also alleged that their selection for lay-off and denial of transfer opportunities constitutes age discrimination in violation of the ADEA.  Defendant moved for summary judgment which was granted in part and denied in part by the District Court, prior to the parties' consent to trial before the undersigned.  Defendant now moves the Court for an order precluding plaintiffs from proceeding to trial under a disparate impact theory of sex discrimination.

Defendant argues that plaintiffs should not be permitted to asset claims based on a disparate impact theory of sex discrimination under either Title VII or Ohio law because plaintiffs failed to plead a disparate impact theory in their complaint and because under the facts of this case, disparate impact is inapposite.  Defendant contends that plaintiffs' arguments relate solely to differential treatment as compared to males and or older employees, and therefore only a disparate treatment analysis is applicable under Title VII and Ohio law.

The Court rejects defendant's position for several reasons.  First, under the notice pleading standards of Fed. R. Civ. P. 8, plaintiffs are not required to plead a disparate impact theory with particularity.  There are no magic words or particular factual recitations required to put a Title VII defendant on notice that disparate impact is a possible theory of liability in a sex discrimination case. Moreover, a review of the complaint, specifically Paragraphs 15 and 16, reveals that defendants were put on notice of plaintiffs' allegations that "the subjective process employed by the company discriminatorily impacted women."  (Doc. 1, ¶ 16).

Second, the Court finds equally unpersuasive defendant's argument that the only claims permitted to proceed to trial by the District Court's summary judgment order are disparate treatment claims.  Defendant did not raise any arguments with respect to a potential disparate impact claim in its summary judgment motion.  By contrast, plaintiffs did argue in response to defendant's motion that issues of fact consistent with a disparate impact analysis precluded granting defendant's motion.  Defendant's reply memorandum did not address these arguments in any way.  Thus, the District Court could only conclude that defendant chose not to assert such an argument is support of judgment in defendant's favor.  This in no way constitutes a finding that no such claims are permissible under the complaint.

Finally, to the extent that defendant argues a disparate impact theory is inapposite under the facts of the case because they are based on "subjective"

employment decisions and processes, the Court rejects such a conclusion. The very case upon which defendant bases its argument in favor of precluding plaintiffs' disparate impact claims holds that notwithstanding the subjectivity of several alleged practices, they may constitute employment practices for purposes of disparate impact analysis in certain circumstances. *See Phillips v. Cohen*, 400 F.3d 388, 398 (6th Cir. 2005).

As plaintiffs point out in their response to the motion, defendant's motion is not a limine motion but a second attempt at pretrial disposition of claims against it. Defendant should have raised these arguments at the summary judgment stage. Having failed to do so, it cannot seeks a second bite at the apple under the guise of a limine ruling. Defendant will have an opportunity at trial to challenge the sufficiency of plaintiffs' claims, most notably pursuant to a proper motion under Fed. R. Civ P. 50.

## IT IS THEREFORE ORDERED THAT:

Defendant's motion in limine regarding plaintiffs' disparate impact theory is DENIED.

s/Timothy S. Hogan
Timothy S. Hogan
United States Magistrate Judge