# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

Linda Shollenbarger, et. al.,
    Plaintiffs

      vs                           Case No.  1:03-cv-112-TSH
                                        (Hogan, M. J.)

Planes Moving & Storage,
    Defendant

---

## ORDER

---

This matter is before the Court on plaintiffs' motion in limine to exclude certain evidence (Doc. 71), defendant's memorandum in opposition (Doc. 74), and plaintiffs' reply.  (Doc. 80).  Also before the Court are defendant's motion in limine regarding plaintiffs' proposed exhibits (Doc. 72), and plaintiffs' memorandum in opposition to defendant's limine motion.  (Doc. 76).  Defendant did not file a reply memorandum in support of its limine motion. The parties have consented to the entry of final judgment by the undersigned United States Magistrate Judge, (Doc. 65), and this case is scheduled for trail commencing October 31, 2005.

Plaintiffs' limine motion seeks to exclude several documents which fall under two categories: (1) all references to the EEOC decision to dismiss rather than pursue plaintiffs' charges, including Defendant's Exhibits 18, 53, and 100; and (2) all references to the fact that plaintiff Lisa Zecher was arrested for possession of marijuana and child endangerment.  Plaintiff argues that first group of documents is unduly prejudicial because the jury might be persuaded that a final determination of dismissal by the EEOC means plaintiffs have no legal or factual basis for their claims. As to the Zecher documents, plaintiffs argue that mentioning possession of drugs, a charge on which plaintiff was not convicted, or child endangering would be unduly

prejudicial and is irrelevant to the present case.

In response, defendant argues that the EEOC findings are relevant to the current litigation, though it does not specify how the agency determination is relevant. Defendant also suggests that if the Court rules to exclude the final determination letters, it should preclude the use of any EEOC documents, including the original charge, so as to prevent undue prejudice by giving the jury the impression that an administrative charge equates to a finding of "guilt" or liability on the part of the employer.

The Court unquestionably has the discretion to admit or preclude use of EEOC documents in a Title VII case, including determination letters. *Williams v. Nashville Network*, 132 F.3d 1123, 1128-29 (6th Cir. 1997); *Sherman v. Chrysler Corp.*, 47 Fed. Appx. 716, 722 (6th Cir. Sept. 16, 2002). This Court concludes that probative value of the final determination letters effectively dismissing plaintiff's charges would be outweighed by the potential prejudice to plaintiffs occasioned by the potential jury finding that an agency dismissal of EEOC charges requires a finding of no liability on the part of defendant. Thus the Court agrees with plaintiffs that the EEOC dismissal letters should be excluded. The Court intends to permit plaintiffs to present evidence concerning when the EEOC charge was filed. As to whether any of the remaining EEOC documents proffered by plaintiffs or defendant will be admitted, those evidentiary rulings must await trial.

As for the Zecher documents, plaintiffs concede in their reply memorandum that if drug charges were a basis upon which plaintiff Zecher was selected for termination, those documents may be relevant and admissible. Having reviewed certain proposed exhibits, including the written disciplinary actions taken by defendant against plaintiff Zecher following her arrest, it appears that the drug charges are relevant. However, at this time there is no indication that the child endangering charges played a role in defendant's imposition of discipline or eventual selection of plaintiff Zecher for termination. Because the child endangerment charges are not relevant and highly prejudicial, these charges and related documents or testimony will be precluded.

Defendant's motion in limine seeks to exclude twelve exhibits offered by plaintiffs. We will address each exhibit in turn:

<u>Plaintiff's Exhibit 72- Summary of Important Information by plaintiff Shollenbarger</u>

Defendant objects to this exhibit on the grounds that it is cumulative, was not produced contemporaneously with the events described therein, and would be prejudicial is submitted to the jury. Plaintiffs respond that they intend to use this document only for purposes of refreshing the plaintiff's recollection, if and when necessary, and that this exhibit is not intended for publication to the jury. Under these circumstances, the Court finds that defendant's motion should be denied. It may be used by plaintiffs for purposes of refreshing plaintiff Shollenbarger's recollection. As for its use by other plaintiffs, because they did not aid in its preparation, the Court cautions that it would appear unlikely that it could be used to refresh the recollection of a person other than Shollenbarger.

## Plaintiffs' Exhibit 74- Letter from Bob Anthony dated October 14, 1997

Defendant objects to this letter as hearsay under FRE 802. The Court disagrees to the extent plaintiffs offer this letter to demonstrate that Wohfeil was subject to disciplinary action. The letter can be used to demonstrate that Shollenbarger was terminated despite an unblemished personnel record whereas Mr. Wohfeil was subject to some form of counseling or discipline. Such a showing does not require plaintiffs to address or prove whether or not Mr. Wohfeil actually used the "F" word as is stated in the letter, and therefore is not offered for the truth of the matter asserted. Defendant's motion is denied on this point.

## Plaintiffs' Exhibit 95- Helena Davidson Performance Overview

Defendant objects to the admission of this summary purporting to review plaintiff Davidson's performance reviews as an unnecessary summary under FRE 1006 and improper under the *Modena* case standards for summary admissions. *U.S. v. Modena*, 302 F.3d 626m 633 (6th Cir. 2002). Plaintiffs contend this document is intended for cross-examination purposes only and is not intended to be published to the jury. To the extent plaintiffs' counsel seeks to use this summary as notes upon which he plans to base his questioning of witnesses, the Court has, obviously, no objection. However, as will be discussed later, the Court will not permit counsel's co-workers, whether paralegals or co-counsel, to testify concerning documents they produced for trial preparation as direct evidence of the facts and documents in this case. There is no showing that the documents themselves are so voluminous as to preclude their presentation at trial. Plaintiffs may introduce the documents upon which this summary is based, and argue in their case whatever conclusions they

3

believe the jurors should draw therefrom.  Counsel may not develop his own summaries and have his staff testify as if they were fact witnesses based upon their review of the discovery materials in this case.   While the Court is intrigued by the ingenious attempt plaintiffs have made to avoid calling defendant's witnesses as if on cross in their case-in-chief, this present strategy of using counsel's staff as "fact witnesses" is unavailing.

Plaintiff's Exhibit 103– Plaintiff Anderson's description and summary of employment

Defendant objects to this document on the same grounds as its objection to the Shollenbarger employment summary.  The Court will deny the motion to the same extent it denied the motion with respect to Shollenbarger's summary.  Plaintiff Anderson may use her summary if and when needed to refresh her recollection but it will not be published to the jury.

Plaintiff's Exhibit 112– DUI ticket and Vehicle Release Order for Gregory Flasch

Defendant objects to the admission of these two documents as irrelevant because they do not demonstrate what defendant knew about Flasch's arrest and or conviction and when defendant learned such information.  Plaintiff argus that the information is relevant as Flasch is a comparable with respect to Zecher's claims of discriminatory termination.  The Court agrees the evidence of Zecher's arrest and or conviction would be relevant.  However, the citation and Vehicle Release Order are not proper evidence to prove or disprove the nature of the charges against Mr. Flasch or the dates or the occurrence.  For these reasons, these particular documents are precluded.  If appropriate credible evidence of the charges Mr. Flasch faces and the disposition of his case are offered, the Court would likely permit such evidence before the jury.

Plaintiffs' Exhibits 114, 115, and 116– Summary Charts prepared by Mr. Furey

Plaintiffs seek to admit these charts and graphs which were produced by plaintiffs' counsel's co-counsel in preparation for this litigation.  The underlying documents have not been identified, nor shown to be so voluminous, that plaintiffs are precluded from submitting them.  This is not to say that plaintiffs would be precluded from publishing these charts once the information upon which they are based has been put before the jury.  However, as with the paralegal summaries, the Court will not allow co-counsel to testify as a fact witness in this action by merely stating that he

4

reviewed undisclosed discovery documents and subsequently produced these charts.

Plaintiffs' Exhibit 130- Langenbahn cover letter

Defendant opposes submission of counsel's cover letter as irrelevant and an attempt to force counsel to become a witness it his own case.  Plaintiffs argue that the letter constitutes proof of the date upon which they first learned that a male employee was also terminated as part of the RIF at issue in this case.  The Court does not see the relevancy of this information and will exclude this letter on that basis.

Plaintiffs' Exhibit 138 paralegal memo to counsel for plaintiffs regarding positions held by male employees in September 2001

Defendant again objects to this evidence summarized by plaintiffs for their own purposes when there is no reason the underlying documents or other evidence supporting this summary cannot and should not be presented to the jury.  Plaintiffs again contend that counsel's staff will testify and can therefore be cross- examined on the contents of this memo.  As with the other paralegal summaries and the proffered testimony of counsel for plaintiffs' co-counsel, the Court will not permit  Johnson's testimony.  Whether such a summary is appropriate of argument or publication to the jury after the underlying evidence has been presented is an issue which must be resolved at trial.

## IT IS THEREFORE ORDERED THAT:

Plaintiffs' motion in limine is GRANTED IN PART and DENIED IN PART consistent with this opinion.  Defendant's motion in limine is likewise GRANTED IN PART and DENIED IN PART consistent with this opinion.

 s/Timothy S. Hogan
Timothy S. Hogan
United States Magistrate Judge