# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Linda Shollenbarger, et. al.,
    Plaintiffs

vs

Planes Moving & Storage,
    Defendant

Case No. 1:03-cv-112-TSH
(Hogan, M. J.)

## ORDER

    This matter is before the Court on Defendant's motion for judgment as a matter of law as to Plaintiff Helena Davidson's age discrimination claim. (Doc. 113). The parties argued the motion on the record before the undersigned United States Magistrate Judge at the close of the Plaintiffs' case. The Court grants the motion for the reasons set forth more fully below.

    Defendant argues that pursuant to Fed. R. Civ. P. 50, the Court should grant judgment as a matter of law as to Plaintiff Davidson's age discrimination claim because Plaintiff has failed to present evidence in support of the *prima facie* elements of an age discrimination claim under either the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et. seq., or the Ohio anti-discrimination statute, Ohio Rev. Code § 4112 et. seq. Specifically, defendant contends that Plaintiff Davidson has failed to present any evidence supporting her claim that she was either replaced by a significantly younger worker or that she was treated less favorably than similarly situated significantly younger employees.

## APPLICABLE LAW

In order to survive defendant's motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a), plaintiff must present sufficient evidence to establish that a controverted issue of fact exists upon which reasonable persons could differ. *Zamlen v. City of Cleveland, Ohio* 906 F.2d 209, 214 (6th Cir. 1990), *cert. denied*, 499 U.S. 936 (1991); *Hersch v. United States*, 719 F.2d 873, 876-77 (6th Cir. 1983). On a motion for judgment as a matter of law, the Court must construe the evidence in the light most favorable to the non-moving party and consider the motion without weighing the credibility of witnesses or judging the weight of the evidence. *Zamlen*, 906 F.2d at 214; *Hill v. McIntyre*, 884 F.2d 271, 274 (6th Cir. 1989). The motion may be granted only if it is clear from the evidence that reasonable minds could come to but one conclusion. *Coffy v. Multi-County Narcotics Bureau*, 600 F.2d 570, 579 (6th Cir. 1979).

As the District Court noted in its Order granting in part and denying in part Defendant's summary judgment motion, Plaintiff Davidson did not offer any direct evidence of age discrimination. Accordingly, in order to prove her claim, Plaintiff Davidson must establish a claim of age discrimination in accordance *with McDonnell Douglas* burden shifting model. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The order, allocation, and burden of proof models for statutory claims of discrimination are well established. The plaintiff has the initial burden of establishing a *prima facie* case by proving, by a preponderance of the evidence, facts which, if not explained, give rise to an inference of unlawful activity on the part of the employer. The Plaintiff therefore must prove that: (1) She is 40 years old or older; (2) her performance was satisfactory; (3) she was subject to an adverse employment action; and (4) she was replaced by or treated less favorably than a significantly younger employee; and in the case of a RIF, (5) additional direct, circumstantial, or statistical evidence tends to indicate that Plaintiff was subject to the RIF for impermissible reasons. *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312-13 (1996); *Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1465 (1990); *Bush v. Dictaphone Corp.*, 161 F.3d 363, 368 (6th Cir. 1998). After the plaintiff has established a *prima facie* case of age discrimination, the burden of production shifts to the defendant to articulate some legitimate, non-discriminatory reason for the alleged employment action. *See Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577 (1978); *McDonnell Douglas*, 411 U.S. at 802; *Wrenn v. Gould*, 808 F.2d 493 (6th Cir. 1987). The burden of persuasion, however, remains at all times upon the plaintiff. *Haynes v. Miller*, 669 F.2d 1125, 1126-27 (6th Cir. 1982). Accordingly, once the

employer meets its burden of going forward, the burden shifts back to the plaintiff to demonstrate, by a preponderance of the evidence, that defendant's articulated reason for the adverse action is mere pretext. *McDonnell Douglas*, 411 U.S. at 804; *Wrenn*, 808 F.2d at 501; *Henry v. Lennox Industries*, 768 F.2d 746 (6th Cir. 1985). The Ohio Supreme Court has held that O.R.C. § 4112.02 is generally to be interpreted in accordance with interpretations of federal antidiscrimination laws. *See Plumbers & Steamfitters Joint Apprenticeship Committee v. Ohio Civil Rights Commission*, 66 Ohio St.2d 192, 196 (1981).

## ANALYSIS

The District Court made clear in its Summary Judgment Order that the only age discrimination claim to survive for trial was Davidson's claim of age discrimination based on her allegation that following her termination, she was replaced by a substantially younger employee. (See Doc. 64, Order, pp.23-26). The Court reached this conclusion after finding as a matter of law that Plaintiff Davidson had failed to put forth any evidence that in she was either refused a transfer opportunity or selected for the RIF because of her age. (Id.). Thus, Plaintiff Davidson's age discrimination claim survived to the extent that she alleged discriminatory discharge on the basis of age.

Despite the allegations put forth by Plaintiff Davidson in opposition to summary judgment, at the trial of this matter, Plaintiff Davidson herself testified that she was not replaced by Stephanie Boatwright. In the absence of any evidence that Plaintiff Davidson was either replaced by a substantially younger employee or treated less favorably than similarly situated substantially younger employees, in connection with her termination from Planes Moving & Storage, Plaintiff cannot establish the elements of a *prima facie* age discrimination case necessary to support her claim. Moreover, there is a complete absence of evidence tending to indicate that Plaintiff Davidson was terminated because of her age in violation of the ADEA. Because there is no evidence to support even a question of fact for the jury as to whether Plaintiff Davidson was subject to age discrimination, the Court is compelled to rule in favor of Defendant on this motion.

IT IS THEREFORE ORDERED THAT:

Defendant's motion for judgment as a matter of law is GRANTED as to Plaintiff Davidson's age discrimination claim.

_____
Timothy S. Hogan
United States Magistrate Judge