UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

---

Linda Shollenbarger, et. al.,
    Plaintiffs

    vs                                          Case No. 1:03-cv-112-TSH
                                                  (Hogan, M. J.)

Planes Moving & Storage,
    Defendant

---

## ORDER

---

      This matter is before the Court on Defendant's motion for judgment as a matter of law as to Plaintiffs' sex discrimination claims based on a disparate impact theory. (Doc. 114). The parties were given an opportunity to argue the motion on the record before the undersigned United States Magistrate Judge. The motion was originally made at the close of plaintiffs' case. The Court deferred ruling on the motion until the close of the evidence. Defendant has now renewed its motion. (Doc. 129). For the reasons that follow and in accordance with the Court's oral ruling, the motion will be GRANTED.

      Defendant argues that pursuant to Fed. R. Civ. P. 50, the Court should grant judgment as a matter of law as to plaintiffs' sex discrimination claims based on a disparate impact theory. In support of its motion, defendant argues that plaintiffs did not raise the claims in their complaint and that such claims are inapposite because plaintiffs' arguments are based on allegations of disparate treatment. Defendant further argues that plaintiffs have failed to identify a neutral policy or procedure which allegedly caused a disparate impact on female employees who were subject to a Reduction in Force (RIF), and that there is no evidence that any policy or procedure identified by the plaintiffs has disparately impacted female employees at Planes

Moving & Storage. Defendant notes that in the Affected Departments, the proportion of male to female employees was 10% male and 90 % female before the RIF, and 10.3% male and 89.7 % female after the RIF. Similarly, the proportion of males to females in the overall employee population at Planes Moving & Storage also remained largely unchanged by the RIF. Defendant argues that the statistics do not support an inference of sex discrimination based on disparate impact.

In response, plaintiffs contend that the defendant's plan for selecting which departments would be subject to the RIF constitutes a neutral policy or procedure which has caused an adverse impact on female non-managerial employees at Planes Moving & Storage. Plaintiffs also contend that the selection process used to determine which individual employees would be subject to the RIF, while based on a subjective analysis, nevertheless constitutes a neutral employment policy for purposes of a disparate impact analysis. Plaintiffs further contend that the evidence raises factual issues concerning whether these employment practices had a disparate and negative impact on defendant's female employee population. Plaintiffs argue that the fact that the departments targeted for lay-offs were predominantly female and that 12 of the 13 persons terminated as part of the RIF were women demonstrates that the company's RIF procedure disadvantaged defendant's female employee population. Plaintiffs further contend that there is evidence that alternative employment practices were available to defendant which would have achieved that same cost-cutting effect without impacting female employees more harshly than defendant's male workforce.

APPLICABLE LAW

In order to survive defendant's motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a), plaintiff must present sufficient evidence to establish that a controverted issue of fact exists upon which reasonable persons could differ. *Zamlen v. City of Cleveland, Ohio* 906 F.2d 209, 214 (6th Cir. 1990), *cert. denied*, 499 U.S. 936 (1991); *Hersch v. United States*, 719 F.2d 873, 876-77 (6th Cir. 1983). On a motion for judgment as a matter of law, the Court must construe the evidence in the light most favorable to the non-moving party and consider the motion without weighing the credibility of witnesses or judging the weight of the evidence. *Zamlen*, 906 F.2d at 214; *Hill v. McIntyre*, 884 F.2d 271, 274 (6th Cir. 1989). The motion may be granted only if it is clear from the evidence that reasonable minds could come to but one conclusion. *Coffy v. Multi-County Narcotics Bureau*, 600 F.2d 570, 579 (6th Cir. 1979).

Under Title VII, courts recognize a distinction between claims of discrimination based on disparate treatment and claims of discrimination based on disparate impact. In a disparate treatment case, an employer is found to have treated some employees less favorably than others because of their race, color, religion, sex, or other protected characteristic. *Raytheon Company v. Hernandez*, 540 U.S. 44, 52 (2003); *Teamsters v. United States*, 431 U.S. 324, 335 (1977). Liability in such a case depends upon whether the protected trait actually motivated the employer's actions. By contrast, a disparate impact claim involves a particular employment practice, which although neutral on its face, has produced a significant adverse effect on a protected group and cannot be justified by business necessity. *Id.* Thus, the law proscribes "not only overt discrimination but also practices that are fair in form, but discriminatory in operation." *Griggs v. Duke Power Co.*, 401 U.S. 424, 431 (1971).

The Supreme Court has established a three-part burden shifting framework for determining whether an unlawful disparate treatment claim exists in a particular case. Under this framework, the plaintiffs must first establish a *prima facie* case of discrimination by (1) identifying and challenging a specific employment practice and (2) showing that the employment practice in question had a significant adverse effect on the protected group. *Phillips v. Cohen*, 400 F.3d 388, 397-98 (6th Cir. 2005); *Isabel v. City of Memphis*, 404 F.3d 404, 411 (6th Cir. 2005); *Kovacevich v. Kent State University*, 224 F.3d 806, 830 (6th Cir. 2000). Once plaintiffs establish a prima facie disparate impact case, the burden of production and persuasion shifts to defendant to demonstrate a business necessity for the practice in question. *Phillips*, 400 F.3d at 398. If defendant succeeds in satisfying its burden, the burden shifts back to plaintiffs to show either that the defendant's business justification is a pretext for discrimination or that an alternative employment practice exists which would serve the employer's interest without creating the undesirable discriminatory effect. *Isabel*, 404 F.3d at 411; *Kovacevich*, 224 F.3 at 830.

Contrary to defendant's assertions, the fact that certain RIF selection criteria were subjective does not preclude applicability of a disparate impact analysis in this case. *Phillips*, 400 F.3d at 398. This Court concludes that the defendant's practice of permitting the department managers to determine which employees would be selected for the RIF, and the application of the CPR criteria without any formal review of the selected employees or the affected departments, constitutes an employment practice for purpose of the disparate impact analysis at issue in this case. *Id.* (citing *Wards Cove Packing Co., v. Antonio*, 490 U.S. 642, 648 (1989) and *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 985 (1988). Thus, plaintiffs have presented evidence which, at a minimum, raises an issue of fact regarding the identification of

an employment practice or procedure which is neutral on its face.

Plaintiffs have failed to demonstrate, however, that the identified employment practice resulted in a disparate impact on the female employee population at Planes Moving & Storage. As discussed above, to succeed on their disparate impact claim, plaintiffs bear the burden of proving that the employment practice in question had a significant adverse effect on the protected group. *Phillips*, 400 F.3d at 397-98; *Isabel*, 404 F.3d at 411; *Kovacevich*, 224 F.3d at 830. While the Supreme Court has made clear that a plaintiff may rely solely on statistical data to establish a claim for disparate impact, is has not limited the plaintiff to any one form or method of statistical analysis. *Isabel*, 404 F.3d at 412-13 (citing *Wards Cove*, 490 U.S. at 656-57). Thus, the Court should look to "the sum total of statistical evidence to make a decision in [disparate impact] cases." *Id.* at 413 (citing *N.A.A.CC.P. v. City of Mansfield*, 866 F.2d 162 (6th Cir. 1989)).

Unfortunately, in this case there is a dearth of statistical analysis, and what has been presented fails to support an inference that the employment practice had a significant adverse effect on defendant's female employee population. Plaintiffs apparently rely solely on two facts: (1) that the departments selected for reductions, referred to by the parties as the "affected departments" had a combined female population of 90%; and (2) 12 of the 13 persons selected for termination in the RIF were female. Plaintiffs did not present any statistics which compared the retention rate of defendant's female employees to that of its male employees in connection with the RIF. The retention rate statistics were, however, presented to the Court by defendant. The analysis demonstrates that the RIF did not violate the EEOC's four-fifths rule. *See* 29 C.F.R. § 1607.4(d). Neither the retention rates of females compared to males in the affected departments nor the retention rates in the company as a whole demonstrate that the selection process had "a significant adverse impact" on female employees. Plaintiffs did not counter or challenge defendant's statistical analysis, nor offer any additional statistical evidence of their own. While this Court acknowledges that the four-fifths rule is not binding on this Court, the plaintiffs failed to offer evidence of any other measure of causation such that they could demonstrate an adverse impact on female employees resulting from defendant's neutral RIF procedure. The mere fact that 12 women out of 13 employees were selected for lay-off is insufficient to create a factual question on this issue and insufficient, as a matter of law under the facts of this case, to support a claim for disparate treatment sex discrimination. *See Kovacevich*, 224 F.3d 830 (plaintiff must "show an 'adverse effect' by offering statistical evidence 'of a kind or degree sufficient to show that the

4

practice in question has caused the adverse effect' in question.")(quoting *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 908 (6th Cir. 1991)).

      For all these reasons, defendant's motion for directed verdict and renewed motion for directed verdict (Docs. 114, 129) are GRANTED.

                                        s/Timothy S. Hogan
                                        Timothy S. Hogan
                                        United States Magistrate Judge