UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Linda Shollenbarger, et. al.,
    Plaintiffs

vs                                             Case No. 1:03-cv-112-TSH
                                                 (Hogan, M. J.)

Planes Moving & Storage,
    Defendant

**ORDER**

      Plaintiffs, four of Defendant's former employees, initiated this action in February 2003 by filing a complaint in which they asserted claims for sex discrimination in violation of Title VII, 42 U.S.C. § 2000-e, *et seq.*, and Ohio Revised Code ("O.R.C.") § 4112. Plaintiffs alleged that Defendant terminated their employment, ostensibly as part of a reduction in force ("RIF") in September and October 2001, in a manner that was either intentionally or effectively discriminatory. In addition, plaintiffs Davidson and Shollenbarger asserted claims for age discrimination, arguing that their terminations from employment and defendant's decision to deny them transfer opportunities while younger, less qualified persons were retained, violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et. seq.

      Defendant moved for summary judgment as to all plaintiffs' claims. In an order issued by the District Court on February 22, 2005, the Court granted in part and denied in part defendant's motions. The claims which subsequently proceeded to trial were all plaintiffs' claims of discriminatory discharge on the basis of sex in the context of defendant's reduction in force (RIF), and plaintiffs' disparate treatment sex discrimination claims related to defendant's failure to permit plaintiffs to transfer out

of the departments targeted for discharges as part of the RIF ("Affected Departments"). The District Court also denied summary judgment as to plaintiff Davidson's claim of discriminatory discharge based on age asserted under the ADEA.

This matter came before this Court for a sixteen-day jury trial commencing October 31, 2005.[1] Following the close of plaintiffs' evidence, this Court granted defendant's motion for judgment as a matter of law on plaintiff Davidson's claim of age discrimination. (Doc. 121). Following the close of all the evidence in the case, the Court granted defendant's motions for judgment as a matter of law on plaintiffs' disparate impact sex discrimination claims. (Doc. 136). The case was submitted to the jury on November 22, 2005. The jury returned a verdict in favor of defendant on all plaintiffs' remaining claims, and the Court entered final judgment consistent therewith. (Docs. 132, 133, 137).

## Plaintiffs' Motion for a New Trial

Now the case comes before this Court on plaintiffs' motion for a new trial, defendant's memorandum in opposition, and plaintiffs' reply. (Docs. 140, 141, 142). Also before the Court are plaintiff's motion for a hearing and oral argument on plaintiffs' motion for a new trial, and plaintiffs' motion to supplement their memorandum in support of their motion for a new trial. (Docs. 143, 144). For the reasons set forth more fully below, plaintiffs' motion for a new trial will be denied.

Plaintiffs argue that the Court should grant a new trial because the Court erred by granting defendant's motion for judgment as a matter of law as to plaintiffs' disparate impact claims, and because the dismissal of the disparate impact claims unfairly prejudiced the jury's consideration of plaintiffs' disparate treatment claims. Plaintiffs also argue that the age discrimination claims asserted by plaintiffs Shollenbarger and Davidson presented triable issues of fact and therefore should not have been determined as a matter of law. In their supplemental memorandum, plaintiffs cite the Court to *Connecticut v. Teal*, 457 U.S. 440 (1982), in support of their assertion that the Court erred by granting defendant's motion for judgment as a matter of law on plaintiffs' disparate impact claims. Plaintiffs state that "'bottom line' percentage results do not preclude employees from establishing a prima facie case of

---

[1] The parties consented to the entry of final judgment by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636.

disparate impact where a significant component part of the selection process shows a disparate impact." (Doc. 143).

Defendant contends that the Court properly granted judgment as a matter of law with respect to plaintiffs' disparate impact claims. Defendants also argue that plaintiff Shollenbarger's age discrimination claim was properly dismissed by the District Court pursuant to defendant's summary judgment motion. Likewise, defendant asserts that the Court properly granted judgment as a matter of law with respect to plaintiff Davidson's age discrimination claim. Defendant fails to directly address plaintiffs' argument that the dismissal of her disparate impact claims had a prejudicial effect on the jury's consideration of their disparate treatment claims. The implication is, however, that no such prejudice resulted from the Court's proper grant of defendant's motions.

## Legal Standard

Plaintiffs state in their motion that they move for a new trial pursuant to Fed. R. Civ. P. 59. However, neither party addresses the applicable legal standard.

Rule 59 provides in part that:

A new trial may be granted to all or any of the parties and on all or part of the issues in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . .

Fed. R. Civ. P. 59(a). The decision whether or not to grant a new trial is within the trial court's discretion. *Anchor v. O'Toole*, 94 F.3d 1014, 1021 (6th Cir. 1996). Under Rule 59, courts have generally interpreted the rule to allow a new trial when the jury has reached a "seriously erroneous result" such as where (1) the verdict is against the manifest weight of the evidence; (2) damages are excessive; or (3) the trial was unfair to the moving party in some fashion, such as a substantial error of law that resulted in bias or prejudice. *Kusens v. Pascal Company, Inc.*, 448 F.3d 349, 367 & n.13 (6th Cir. 2006); *Holmes v. City of Massillion*, 78 F.3d 1041, 1045-46 (6th Cir. 1996).

When presented with a motion for new trial based on the grounds that the verdict was against the manifest weight of the evidence, the district court must compare the opposing proofs, weigh the evidence, and set aside the verdict only if it

believes that the verdict is against the clear weight of the evidence. *J.C. Wykoff & Assoc. v. Standard Fire Ins. Co.*, 936 F.2d 1474, 1487 (6th Cir. 1991). However, even though the court may reweigh the evidence on a motion for a new trial, it may not set aside the jury verdict merely because it draws different inferences or conclusions or because a different result is more reasonable. *Holmes*, 78 F.3d at 1048. Thus, the Court must uphold the verdict if it could reasonably have been reached. *Id*. "New trials are not to be granted on the grounds that the verdict was against the weight of the evidence unless the verdict was unreasonable." *Barnes v. Owens-Corning Fiberglass Corp.*, 201 F.3d 815, 820-21 (6th Cir. 2000)(internal quotations omitted).

When a Rule 59 motion is premised upon the assertion that the trial was unfair to the moving party in some fashion, the motion will not be granted absent a showing that the proceedings were influenced by prejudice or bias. *Kusens*, 448 F.3d at n.13. The burden of showing prejudice is on the party seeking the new trial. *Grimm v. Lane*, 895 F. Supp. 907, 911 (S. D. Ohio 1995).

**Opinion**

Initially, the Court notes that plaintiffs' motion for a new trial challenges the dismissal of certain claims pursuant to defendant's motions for summary judgment and motions for judgment as a matter of law. To the extent that plaintiffs seek judicial review of these prior rulings, a motion for a new trial pursuant to Fed. R. Civ. P. 59(a) is a procedurally incorrect means of doing so. If plaintiffs' motion is to be construed as a motion to reconsider these rulings, it fails to present a basis upon which it could or should be granted.

The Federal Rules of Civil Procedure do not provide for a motion for reconsideration. However, such a motion, if served within 10 days of the entry of judgment, can be considered a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). *Huff v. Metropolitan Life Insurance Co.*, 675 F.2d 119, 122 (6th Cir.1982). The decision whether to alter or amend a judgment under Fed. R. Civ. P. 59(e) is within the Court's discretion. *Id.*, at 121. *See also Columbia Gas Transmission Corp. v. Limited Corp.*, 951 F.2d 110, 112 (6th Cir. 1991); *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1140-41 (W.D. Mich. 1996). In general, a judgment may be altered or amended for one of three reasons: (1) to consider an intervening change in the controlling law; (2) because new evidence has become available; or (3) to correct a clear error of law or prevent manifest injustice. *Keweenaw Bay Indian Community*, 940 F. Supp. at 1141. A motion to alter or amend,

however, is not intended as a means of relitigating previously considered issues. *Keweenaw Bay Indian Community v. State of Michigan*, 152 F.R.D. 562, 563, *aff'd,* 11 F.3d 1341 (6th Cir. 1993); *E.E.O.C. v. Argent Industries*, 746 F. Supp. 605, 706 (S.D. Ohio 1989)(Rice, J.). *See also McClendon v. B&H Freight Services, Inc.*, 910 F. Supp. 364, 365 (E.D. Tenn. 1995). Thus, a party should not use a motion to alter or amend as a means of raising arguments that could and should have been made before judgment issued. *McClendon*, 910 F. Supp. at 365. When a moving party seeks to obtain reversal of a judgment by offering the same arguments previously presented to the trial court, the appropriate vehicle for obtaining such relief is an appeal, not a motion to alter or amend. *Dana Corp. v. United States*, 746 F. Supp. 482, 489 (N.D. Ohio 1991).

Plaintiff Shollenbarger's age discrimination claim was dismissed by the District Court at the summary judgment phase. Plaintiff Davidson's age discrimination claim survived summary judgment, but was dismissed by this Court on defendant's motion for judgment as a matter of law. Plaintiffs have failed to present any meaningful basis to reconsider these rulings, such as an intervening change in the controlling law, newly discovered evidence, or a clear error of law. Rather, plaintiffs' motion merely seeks to relitigate the arguments and evidence presented on these issues. Where, as here, "the [plaintiffs] view[] the law in a light contrary to that of this Court, [plaintiffs'] proper recourse is not by way of a motion for reconsideration but an appeal to the Sixth Circuit." *The Andersons, Inc. v. Consol, Inc.*, 208 F. Supp.2d 847, 849 (N.D. Ohio 2002)(citing *Dana Corp.*, 764 F.2d at 489).

As for plaintiffs' argument that this Court improperly granted judgment as a matter of law with respect to plaintiffs' disparate impact claims, the Court likewise finds that plaintiffs' motion to reconsider is without merit. Plaintiffs do not point to an intervening change in the controlling law, nor do they assert that reconsideration is appropriate as the result of newly acquired evidence. On this issue, plaintiffs apparently argue that the Court's decision was contrary to controlling legal authority. In support of their motion, plaintiffs cite to the Supreme Court's 1982 decision in *Connecticut v. Teal*, 457 U.S. 440 (1982), and argue that this Court improperly considered the disparate impact of defendant's disputed practices with reference to only "bottom line" percentage results, rather than considering whether "a significant component part of the selection process shows a disparate impact." (Doc. 143). As will be demonstrated below, the Court granted defendant's motion for judgment as a matter of law on plaintiffs' disparate impact claims because there was no legally sufficient evidentiary basis for a reasonable jury to find in plaintiffs' favor on this

5

issue.  *See Kusens*, 448 F.3d at 360.  Plaintiffs' reliance upon the *Teal* case does not dictate a different result.

As this Court noted in its order granting judgment as a matter of law, under Title VII, disparate impact causes of action are meant to penalize practices that are "fair in form, but discriminatory in operation."  *Phillips v. Cohen*, 400 F.3d 388, 397 (6th Cir. 2005)(quoting *Griggs v. Duke Power Co.*, 401 U.S. 424, 431 (1971)).  A disparate impact claim arises when a particular employment practice, which is neutral on its face, produces a significant adverse effect on a protected group which cannot be justified by business necessity.  *Raytheon Company v. Hernandez*, 540 U.S. 44, 52 (2003).  In order to prove a disparate impact claim, plaintiffs must identify the specific employment practice challenged and show that the employment practice in question had a significant adverse effect on the protected group.  *Phillips*, 400 F.3d at 397-98; *Isabel v. City of Memphis*, 404 F.3d 404, 411 (6th Cir. 2005); *Kovacevich v. Kent State University*, 224 F.3d 806, 830 (6th Cir. 2000).  Once plaintiffs establish a prima facie disparate impact case, the burden of production and persuasion shifts to defendant to demonstrate a business necessity for the practice in question.  *Phillips*, 400 F.3d at 398.  If defendant succeeds in satisfying its burden, the burden shifts back to plaintiffs to show either that the defendant's business justification is a pretext for discrimination or that an alternative employment practice exists which would serve the employer's interest without creating the undesirable discriminatory effect.  *Isabel*, 404 F.3d at 411; *Kovacevich*, 224 F.3 at 830.

Plaintiffs argue that defendant's selection of certain female-dominated departments as the "Affected Departments" for RIF consideration constitutes a neutral employment practice for purposes of the disparate impact analysis.  At trial, in response to plaintiffs' argument and presentation opposing defendant's motion for judgment as a matter of law, the Court concluded that the defendant's practice of permitting the department managers to determine which employees would be selected for the RIF, and the application of the CPR criteria without any formal review of the selected employees or the affected departments, constituted an employment practice for purpose of the disparate impact analysis at issue in this case. (Doc. 136, Order granting defendant's motion for judgment as a matter of law, pp. 3-4). Plaintiffs argue that this practice had an adverse impact on women employees because 90% of the employees in the Affected Departments were female and 12 of 13 employees subject to the RIF were female.  Neither plaintiff's statistics, nor the evidence in the case as a whole, is sufficient to withstand judgment as a matter of law on this point.  The statistics offered by plaintiffs in support of their disparate impact claim fail to show

that the employment practice in question had "a significant adverse effect on the protected group." *See Kovacevich*, 224 F.3d at 830. Contrary to plaintiffs' assertion, the relevant inquiry for a disparate impact analysis in the context of a RIF is not the universe of employees who could have been subject to termination in the abstract, but the retention rates of employees in the protected class who were subjected to the RIF, compared to those in the non-protected class. *Cohen*, 400 F.3d at 399. See also Document 98, Plaintiff's Notice of Supplemental Authority, *Downsizing*, *in* 2:1 Employee Rights and Employment Policy Journal, 17-18 & n.43 (1998)("In downsizing 'the highest rate' will be the rate at which persons are retained because 'retention' is more desirable than 'termination'.") If the Court were to accept plaintiffs' reasoning, then the mere consideration of female employees for termination pursuant to a RIF would be enough to impose liability, regardless of whether or not terminations actually occurred, unless proportionate number of males were also considered for termination. Plaintiffs fail to demonstrate how thinking about imposing a RIF on certain employees constitutes "a significant adverse effect"if the employees are not, in fact, subjected to the RIF.

As for those employees who were subjected to the RIF, again, the proper inquiry for a disparate impact analysis focuses on the retention rates of employees in the protected class versus those in the non-protected class. As the Court found in its prior decision, the only evidence on this issue came from defendant and clearly demonstrated that there was not "a significant adverse effect" on either female employees in the Affected Departments, or in the company as a whole. (Doc. 136, pp. 4-5).

Plaintiffs' reliance on the *Teal* case to refute this conclusion is misplaced. In that case, the pass rates for the promotional examination at issue clearly demonstrated a disparate impact on black state employees compared with white employees. 457 U.S. at 444 & n.4. The question then became whether liability could be imposed under a disparate impact analysis if the defendant applied an affirmative action program to promote additional black employees while those who failed the examination were barred from further promotional consideration. The Supreme Court rejected the idea that disparate impact be measured at the "bottom line" e.g. based on promotion rates overall, when the pass rates of the promotional examination created a disparate impact by excluding a disproportionate number of black employees from further consideration for promotions as compared to white employees. *Id*. at 451. The test itself created a "built in headwind" for black employees as demonstrated by the disparate pass rates. *Id*. at 448-49. By contrast, plaintiffs in the present case have failed to establish any

7

form of disparate impact which results simply from identification of the Affected Departments and lay-off consideration. Again, in the context of the RIF, the proper inquiry focuses on the retention rates of employees in the protected and non-protected class, not the discharge rates or the number of employees who could have been considered for lay-off.

To the extent plaintiffs argue that defendant selected the Affected Departments as part of a Machiavellian plan to discharge female employees and protect the male employees from the RIF, such a claim is not the proper focus of a disparate impact analysis. "A practice showing overt prejudice on the basis of a protected ground. . . must be challenged in a disparate treatment case." *Cohen*, 400 F.3d at 398. *See also Larkin v. State of Mich. Dep't of Social Servs.*, 89 F.3d 285, 289 (6th Cir. 1996)(recognizing that facially discriminatory actions are a type of intentional discrimination or disparate treatment and should be treated as such); *Fannon v. AAP St. Marys Corp.*, 124 F.3d 197, 1997 WL 5600058, * 2 (6th Cir. Sept. 5, 1997)(same).

Consequently, plaintiffs were, and are, wholly unable to prove a basic element of their disparate impact claim, namely that the facially neutral practice identified actually caused "a significant adverse effect" on defendant's female employees, either in the Affected Departments or in the company as a whole. Thus, there is no basis upon which the Court should alter or amend its previous order granting defendant's motion for judgment as a matter of law on plaintiffs' disparate impact claims.

Turning now to plaintiffs' motion for a new trial on their remaining claims, plaintiffs' motion appears to raise two arguments. First, to the extent that plaintiffs' motion can be construed as asserting a sufficiency of the evidence argument, Plaintiffs fail to present any substantive argument to support their motion for a new trial beyond the argument that the Court erred by granting the defendant's motion for judgment as a matter of law. The reasons supporting the Court's decision granting defendant's motion for judgment as a matter of law, including the analysis and discussion, *supra*, also support the Court's denial of plaintiffs' new trial motion. *Kusens*, 448 F.3d at 367. *See also Gafford v. General Electric Co.*, 997 F.2d 150, 171 (6th Cir. 1993).

Plaintiff's second basis for seeking a new trial is the claim that by granting defendant's motion for judgment as a matter of law on the disparate impact claim, the Court somehow prejudiced plaintiffs or created bias against them which infected the jury's consideration of plaintiffs' disparate treatment claims. Plaintiffs bear the burden of proving bias or prejudice. *Grimm*, 895 F. Supp. at 911. Plaintiffs' blanket assertion

8

of prejudice or bias is insufficient to warrant the grant of a new trial. When grounds for a new trial are premised on the "trial being unfair to the moving party in some fashion," the movant must show that the proceedings were influenced by prejudice or bias. *Kusens*, 448 F.3d at n.13 (quoting *Holmes v. City of Massillion*, 78 F.3d 1041 (6th Cir. 1996)). Plaintiffs argue that "the Court's disapproval of the disparate impact claim at the end of the case, probably lead the jury to believe it could not attack the discriminatory motive underlying the policy of selecting only certain departments." (Doc. 140, p. 4). Plaintiffs fail to offer anything beyond mere speculation to show that the Court's grant of defendant's motion resulted in prejudice with respect to the claims that the jury did consider. There is nothing in the record or the plaintiffs' brief to suggest that the jury was unable to fully or properly evaluate either the evidence before it or the jury instructions which directed it to consider the elements necessary to prove plaintiffs' remaining claims. The Court will not impute nonfeasance on the part of the jury or an inability to follow the Court's instructions in considering the claims and weighing the evidence. *See Holmes*, 78 F.3d at 1047. Moreover, insofar as the weight of the evidence is concerned, the Court finds the jury's verdict for defendant on the remaining claims was reasonable and well-supported. Thus, the verdict does not in and of itself indicate a result which was either inconsistent with the proof or actuated by bias or prejudice.

For all these reasons, the Court hereby DENIES plaintiffs' motion for a new trial (Doc. 140) and DENIES plaintiffs' motion to the extent it seeks to alter or amend the Court's final judgment in this matter. Plaintiff's motion for oral argument (Doc. 144) is DENIED AS MOOT.

                                         s/Timothy S. Hogan
                                         Timothy S. Hogan
                                         United States Magistrate Judge